```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


ANN RIOPELLE,                     §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   CIVIL ACTION H-09-2318
                                  §
REID, JONES, McRORIE & WILLIAMS,  §
JAMIE GLADMAN, and AMERICA FIRST  §
INSURANCE COMPANY,                §
                                  §
                                  §
          Defendants.             §
```

**OPINION AND ORDER OF INTERLOCUTORY SUMMARY JUDGMENT**

Pending before the Court in the above referenced cause are Defendant Jamie Gladman's motion for summary judgment (instrument #28) and Plaintiff Ann Riopelle's motion to voluntarily dismiss Jamie Gladman without prejudice (#30).

**Standard of Review**

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant has the burden to demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 317, 323 (1986).

Where the non-movant bears the burden of proof at trial, the movant need only point to the absence of evidence to support an

-1-

essential element of the non-movant's case; the movant does not have to support its motion with evidence negating the non-movant's case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The substantive law governing the claims identifies the essential elements and thus indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 317, 325 (1986).

If the movant succeeds, the non-movant must come forward with evidence such that a reasonable party could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248. The non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A factual dispute is deemed 'genuine' if a reasonable juror could return a verdict for the nonmovant, and a fact is considered 'material' if it might affect the outcome of the litigation under the governing substantive law." *Cross v. Cummins Engine Co.*, 993 F.2d 112, 114 (5th Cir. 1993). Summary judgment is proper if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322-23; *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 752 (5th Cir. 2006). Although the court draws all reasonable inferences in favor of the non-movant, the non-movant "cannot defeat summary judgment with conclusory, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Med. Center*,

476 F.3d 337, 343 (5th Cir. 2007).  Conjecture, conclusory allegations, unsubstantiated assertions and speculation are not adequate to satisfy the nonmovant's burden.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1079 (5th Cir. 1994); *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002).

### Gladman's Motion for Summary Judgment (#28)

Gladman has produced evidence demonstrating that although he was initially assigned to be the insurance adjuster on Plaintiff's Hurricane Ike insurance claim for damage to her real property, he was reassigned to adjust claims in Ohio before he was to have started any work on Hurricane Ike claims generally, he received no information about the merits of Plaintiff's claim, and he never spoke to Plaintiff about her claim nor inspected her property nor performed any other task that would subject him to liability under the law in this action.  He seeks summary judgment and dismissal with prejudice.

Gladman also requests an award of attorney's fees and costs under 28 U.S.C. § 1927[1] or Federal Rule of Civil Procedure 11 for having to file the motion for summary judgment.  He demonstrates

---

[1] Section 1927 states,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

that his attorney sent a letter to Plaintiff's counsel on July 31, 2009 (#28, Ex. B) asking Plaintiff to dismiss him from this suit, but received no response. On November 19, 2009 Gladman's attorney again wrote to request dismissal (#28, Ex. C), including a declaration from Gladman, subsequently filed in support of the motion for summary judgment (#28, Exs. A, C)). Plaintiff's counsel again failed to respond. Furthermore Gladman points out that previously Defendants incurred unnecessary fees in having to respond to Plaintiff's motion to remand (#11), which incorrectly insisted that Defendant Ronnie White, since terminated, was a Texas resident who defeated diversity jurisdiction. White's counsel wrote to Plaintiff's counsel advising Plaintiff that she had sued the wrong person, supported by a declaration from White, and requesting that Plaintiff dismiss her motion to remand. #28, Ex. D. Plaintiff also ignored this letter and Defendants Gladman and Reid, Jones, McRorie & Williams, Inc. incurred attorneys' fees in opposing her motion to remand. Just before their opposition was filed, Plaintiff voluntarily withdrew her motion to remand. #11. Now she has filed a motion to voluntarily dismiss Gladman, but without prejudice, leaving him vulnerable to another suit arising out of the same facts.

In response Plaintiff states that she does not oppose dismissing Gladman, and "acknowledg[es] Defendant's limited involvement and realiz[es] he should not be a party to the current

case." #31, ¶ 6. She maintains that to resolve the dispute without Court involvement, her attorney emailed Gladman's attorney and offered to dismiss Gladman without prejudice in exchange for Gladman's withdrawal of his motion for summary judgment. #31, Ex. B.[2] Gladman's counsel opposed the suggestion. Subsequently Plaintiff's attorney sent a letter to Gladman's attorney with the same offer. #28. Ex. C. Defendant responded that he wanted a dismissal with prejudice. Ex. D. Plaintiff's counsel answered in a letter dated January 7, 2010, stating, "We are willing to enter into a Rule 11 Agreement wherein Plaintiff dismisses Mr. Gladman with prejudice if he withdraws his motion." #28 Ex. E. Defendant did not respond or withdraw the motion for summary judgment.[3] "Out of an abundance of caution," Plaintiff says she filed a voluntary motion to dismiss Gladman, but the Court notes still without prejudice (#30). #28, ¶ 17. She insists that because she "made a diligent effort to work with Defendant Gladman and to dismiss Defendant Gladman from the lawsuit upon realizing the mistake, no basis exists for the issuance of attorneys fees or any other costs against Plaintiff."

---

[2] In his reply, Gladman states that he never received the email because it was not sent to the proper email address. #32 at 2.

[3] Gladman replies that his attorney had previously written to Plaintiff's counsel twice and on November 19, 2009 sent his declaration establishing that he had no involvement. He filed his motion for summary judgment on December 18, 2009 after receiving no response from Plaintiff's counsel. #23 at 2-3.

In reply, Gladman requests dismissal with prejudice because there is no factual basis for asserting liability against him. He continues to seek an award of fees and costs incurred in connection with the preparation of his motion for summary judgment.

### Court's Decision

After reviewing the briefs and the applicable law, the Court concludes that given the evidence in the record, Gladman is entitled to summary judgment and dismissal with prejudice. Plaintiff has presented no evidence of any involvement of Gladman in the processing of her insurance claim that would raise a genuine issue of material fact about potential liability.

Under 28 U.S.C. § 1927, this Court may shift reasonable fees and award costs to "'[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously.'" *Vanderhoff v. Pacheco*, 344 Fed. Appx. 22, 27, No. 09-30064, 2009 WL 27776607, *3 (5th Cir. Sept. 2, 2009). These fees can be imposed only on offending attorneys, not on their clients. *Id., citing Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002); *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La.,* 38 F.3d 1414, 1416 (5th Cir. 1994). To impose sanctions the court must find that the attorney multiplied the proceedings both unreasonably and vexatiously based on "'evidence of bad faith, improper motive, or reckless prosecution of a meritless claim.'" *Id., citing Proctor & Gamble*, 280 F.3d at 525, and *Edwards v. Gen. Motors Corp.*, 153

F.3d 242, 246 (5th Cir. 1998). The statute authorizes fee shifting where there is "'persistent prosecution of a meritless claim.'" *Id., citing Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991)(*quoting Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir. 1995)). Mere negligence will not support an award shifting fees under §1927. *Id., citing Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995).

The Court agrees with Gladman that under § 1927 he is entitled to an award of fees and costs incurred in having to file this motion for summary judgment because he has demonstrated that Plaintiff's attorney unreasonably, vexatiously, and at minimum recklessly, after repeated notice of Goldman's noninvolvement in the processing of Plaintiff's claim, multiplied the proceedings against Gladman. Accordingly, the Court

ORDERS that Gladman's motion for summary judgment (#28) is GRANTED and that he is DISMISSED WITH PREJUDICE from this action. Plaintiff's motion to voluntarily dismiss Gladman (#30) is MOOT. Gladman's attorney shall file within twenty days a request for specific amount in fees and costs, with supporting documentation, in compliance with the requirements of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 718 (5th Cir. 1974), *abrogated in part on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 91-93 (1989)(a contingency fee arrangement is merely a factor in determining the reasonableness of a fee award and does not impose

an automatic ceiling on that award).  Plaintiff's counsel, The Mostyn Law Firm, shall file a response or objections within ten days thereafter.

**SIGNED** at Houston, Texas, this 17th  day of May , 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE